HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTINA CHETWOOD and **SANDRA CASTELLON-GONZALEZ,** individually, and on behalf of others similarly situated,

               Plaintiffs,

v.

**T-MOBILE USA, INC.**

               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.
2:19-cv-00458-RSL

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT, APPROVAL OF CLASS NOTICE, AND SETTING FINAL APPROVAL HEARING**

## **ORDER**

This matter has come before the Court on the unopposed motion by Plaintiffs Kristina Chetwood, Sandra Castellon-Gonzalez, Paul Rose, Jairo Marquez, Samantha Stephens, Richard Nedbalek, and Briana White ("Plaintiffs"), on behalf of themselves and similarly situated employees of Defendant T-Mobile USA, Inc. ("Defendant") (together, the "parties"), for preliminary Approval of the parties' class and collective action Settlement Agreement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and 29 U.S.C section 201, *et seq.* (Dkt. # 98).[1]

---

[1] Plaintiffs' motion to file an over-length brief for its unopposed motion for preliminary approval (Dkt. # 96) is GRANTED in the interest of providing plaintiffs sufficient space to adequately brief the motion's merits.

Plaintiffs, without opposition by Defendant, seek an Order (1) preliminarily certifying the class and collective claims for settlement purposes only under the Federal Rules of Civil Procedure, Rule 23 ("Rule 23"), and 29 U.S.C, §§ 201, *et seq*.; (2) preliminarily approving the parties' Settlement; (3) preliminarily appointing Plaintiffs as the representatives of, and as counsel ("Class Counsel") for, the Settlement Class Members; (4) approving the parties' proposed form for providing Notice of the Settlement to the Settlement Class Members and the form of the Opt-Out Request for those Settlement Class Members wishing to be excluded from the Settlement; and (5) scheduling a hearing on the final approval of the Settlement and approval of the application of Class Counsel and Plaintiffs for their requested attorneys' fees, costs, and service awards.

The Court's scrutiny of the proposed settlement is as rigorous at the preliminary approval stage as at the final approval stage. *See Cotter v. Lyft, Inc*., 193 F. Supp. 3d 1030, 1036-37 (N.D. Cal. 2016). Having considered the papers filed in support of the motion, the arguments of counsel, and the law, the Court now enters this Order and FINDS, CONCLUDES, and ORDERS as follows:

1.      All initial-capped terms contained herein, unless otherwise defined, shall have the same definitions as set forth in the Settlement Agreement, which is attached as Exhibit A to Plaintiff's unopposed motion for preliminary approval.

2.      The Court hereby conditionally certifies the Settlement Class, and conditionally finds that, solely for the purposes of approving this Settlement and for no other purpose and with no other effect on this litigation, the Settlement Class meets the requirements for certification under Rule 23(a), (b), and (e). Accordingly, for purposes of approving this Settlement under Rule 23(a) and (b)(3), and 29 U.S.C. § 216(b), the Court finds, for the reasons explained in the unopposed motion for preliminary approval: (a) the Settlement Class Members are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class Members; (c) certain claims of the Named Plaintiffs are typical of the claims of the Settlement Class Members; (d) the Named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class Members; (e) questions of law

and fact common to the Settlement Class Members predominate over individual questions; and (f) a class action is superior to the other available methods for an efficient resolution of this controversy in the context of settlement.

3.      The Court therefore conditionally certifies, for settlement purposes only and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and 29 U.S.C. §§ 201, *et seq*., the following Settlement Class:

> All current and former employees who worked at a Legacy T-Mobile call center in the United States in a position that contains the terms Associate Expert, Expert, Senior Expert, CSR 1, CSR 2, or CSR 3, and who fall within one or both of the following two categories: (a) previously received and timely returned a signed "Consent to Join Lawsuit" form indicating their intent to join the FLSA Collective; and/or (b) worked in such a position between April 23, 2017, and *[date preliminary approval motion is granted]* in Colorado, Missouri, New Mexico, Oregon, or Washington State.

4.      The Court has considered the factors set forth in *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998), including the strength of the allegations set forth in Plaintiffs' First Amended Complaint; the strength of Defendant's defenses to those claims; the risk, expense, complexity, and likely duration of further litigation; the risk of obtaining and/or maintaining class and collective action status throughout the litigation; the extent of discovery completed and stage of the proceedings; the experience and views of counsel; the presence and/or absence of a governmental participant; and the amount offered in settlement of the claims. Based on these considerations, and for the reasons explained in the unopposed motion for preliminary approval, the Court finds that, for purposes of preliminary approval, the proposed Settlement Agreement is fair on its face. The Court therefore finds, on a preliminary basis, that the proposed terms of the Settlement Agreement set forth in Exhibit A to Plaintiff's unopposed motion for preliminary approval are reasonable, and grants preliminary approval of the proposed Settlement.

5.      The Court also finds, on a preliminary basis, that the Settlement is fair and reasonable to the Settlement Class Members when balanced against the probable outcome of further litigation relating to class and collective action certification, liability, and damages issues, and potential appeals of rulings. The Court further finds that significant investigation, research, litigation, and

formal and informal discovery have been conducted such that counsel for the parties are able to reasonably evaluate their respective positions. The Court further finds that settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation.

6.      Based on a review of the papers submitted by the parties, the Court finds that the Settlement Agreement is the result of arms-length negotiations conducted after Class Counsel had adequately investigated the claims and become familiar with the strengths and weaknesses of the claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the proposed settlement is non-collusive. The Court finds on a preliminary basis that the Settlement is within the range of reasonableness of a settlement that could ultimately be given final approval by this Court, and hereby grants preliminary approval of the Settlement.

7.      The Court conditionally appoints Plaintiffs Kristina Chetwood, Sandra Castellon-Gonzalez, Paul Rose, Jairo Marquez, Samantha Stephens, Richard Nedbalek, and Briana White to represent the Settlement Class Members for settlement purposes only.

8.      The Court conditionally appoints Kevin J. Stoops and Charles R. Ash, IV of Sommers Schwartz, P.C., and Adam J. Berger of Schroeter, Goldmark & Bender, as Class Counsel for the Settlement Class Members for settlement purposes only.

9.      The Court appoints Rust Consulting as the Settlement Administrator and preliminarily approves the allocated Settlement Administration Costs. The Settlement Administrator will prepare final versions of the Notice and Opt-Out Request forms, incorporating the relevant dates and deadlines set forth in this Order and the Settlement Agreement, and will carry out the notice procedures set forth in the Settlement Agreement.

10.      The Court concludes that the form of Notice at Exhibit D to the Settlement Agreement, as well as the procedure set forth in the Settlement Agreement for providing notice to the Settlement Class Members, will provide the best notice practicable under the facts and circumstances of this case with the following modification: the initial sending of the Notice and

Opt-Out Request forms to the Settlement Class Members should occur not only via U.S. Mail, but also via email to personal email address, where such personal email addresses are available. There is no alternative method of notice that would be more practical or more likely to notify Settlement Class Members of the terms of the Settlement. The Notice to the Settlement Class fairly, plainly, accurately, and reasonably informs Settlement Class Members of: (a) the nature of the Action, the definition of the Settlement Class Members, the identity of Class Counsel, and the essential terms of the Settlement Agreement, including the plan of allocation of the Net Settlement Amount into Individual Settlement Awards; (b) the Named Plaintiffs' and Class Counsel's applications for the Named Plaintiffs' and the two Initial Opt-In Plaintiffs' Incentive Awards, and Class Counsel's request for attorneys' fees and litigation costs; (c) how to participate in and receive proceeds under the Settlement; (d) how to object to or request exclusion from the Settlement; and (e) how to obtain additional information regarding the Action and the Settlement. The Court thus finds that the notice requirements for class and collective actions are satisfied.

11.    In the event that the Effective Date of the Settlement Agreement occurs: all Settlement Class Members will be deemed to have forever released and discharged the claims set forth in paragraph 4 of the Settlement Agreement (the "Released Claims"); and all Settlement Class Members who cash an Individual Settlement Award will be deemed to have forever released and discharged the FLSA claims as set forth in the Settlement Agreement.

12.    Any Settlement Class Member who intends to object to final approval of the Settlement or Class Counsel's motion for fees and costs must submit an objection to the Settlement Administrator within 60 calendar days following the mailing of the Class Notice and in the manner set forth in the Settlement Agreement and Notice. If a Class Member opts out of the Settlement after timely filing and serving an objection, then his/her objection will be moot. However, Class Members who timely file and serve an objection may be heard at the Final Approval Hearing, either personally or through their counsel.

13.     The parties and Settlement Administrator are ordered to provide notice of the Settlement to the Settlement Class Members according to the terms of paragraph 11(c) of the Settlement Agreement and in conformity with this Order, including:

a)    No more than fourteen (14) calendar days after entry of the Preliminary Approval Order, Defendant shall provide the names, the most current mailing addresses and personal email addresses (*i.e.*, not a "@T-Mobile.com" email address) in its records for each Settlement Class Member to the Settlement Administrator.

b)    No more than fourteen (14) calendar days after receiving the contact information for the Settlement Class Members, the Settlement Administrator shall send the Notice and Opt-Out Request forms to the Settlement Class Members via U.S. Mail and via email to personal email address, where such personal email addresses are available.

c)    The Notice will inform the Settlement Class Members that unless they file a request to be excluded from the Settlement within 60 days after the mailing of the Notice: they will become Settlement Class Members; they will receive Individual Settlement Awards under the Agreement; they will be bound by the release of claims set forth in the Notice and the Settlement Agreement; and if they cash their Individual Settlement Award check, they will thereby opt into the FLSA Settlement Collective and release the FLSA claims.

d)    The Class Notice will inform Class Members of their right to request exclusion from the Settlement and the procedure for doing so.

e)    The Class Notice will inform Class Members of their right to object to the Settlement and the procedure for doing so.

f)    The Class Notice shall include a general explanation for how the Individual Settlement Awards will be calculated, including the consideration given to the number of pay periods in which each Settlement Class Member worked more than

eighty (80) hours in a covered position and/or worked in a covered position in Colorado, Missouri, Oregon, New Mexico, and Washington.

g) If any Notice mailed to any Settlement Class Member is returned as undeliverable, the Settlement Administrator will attempt one trace to locate a correct address and, if located, will make a second attempt at mailing the Class Notice or, if not located and a personal email address is available, will send a Class Notice to the Settlement Class Member's personal email address. If the Notice is again returned as undeliverable, no further attempts at delivery will be necessary. All Class Members' names and postal mail addresses obtained through these sources shall be protected as confidential and not used for purposes other than the notice and administration of this Settlement. The address determined by the Settlement Administrator as the current mailing address shall be presumed to be the best mailing address for each Class Member.

h) The Settlement Administrator shall maintain a log detailing the instances Class Notices are returned as undeliverable, re-mailed, emailed, and, when applicable, returned again. The re-mailing or emailing of the Class Notice will not extend the deadline for objecting to or requesting exclusion from the Settlement.

14. All proceedings and all litigation of the Action, other than those pertaining to the administration of the Settlement, are stayed pending the Final Approval Hearing.

15. The Named Plaintiffs and the Settlement Class Members are prohibited and enjoined from prosecuting any Released Claims against Defendant pending the Final Approval Hearing.

16. The requested preliminary approval of the Settlement and the certification of the Settlement Class are undertaken on the condition that they shall be vacated if the Settlement Agreement is terminated or disapproved in whole or in part by the Court, or any appellate court and/or other court of review in which event the Settlement Agreement, and the fact that it was entered into, shall not be offered, received, or construed as an admission or as evidence for any

purpose, including but not limited to an admission by any party of liability or non-liability or of the certifiability of a litigation class or the appropriateness of maintaining a representative action.

17.     The Court will conduct a Final Approval Hearing on October 22, 2021, at 11:00 a.m., where it will make a determination on: (i) whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved by the Court; (ii) the amount of attorneys' fees and costs that should be awarded to Class Counsel; and (iii) the amount of the Incentive Awards that the Named Plaintiffs and the Initial Opt-In Plaintiffs should receive. The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines without further notice to the Settlement Class Members.

18.     Plaintiffs' Motion for Final Approval of the Settlement, and Class Counsel's motion for an award of attorneys' fees and costs, will be filed prior to the Class Notice being distributed, and the parties and the Settlement Administrator will comply with the following schedule for the Settlement Administration and final approval process, based on a preliminary approval date of June 1, 2021 (with the dates to be adjusted accordingly based on the date of this Order and the date of the Final Approval Hearing, and if any date falls on a Saturday, Sunday, or legal holiday, the actual date shall be the next day that is not a Saturday, Sunday, or legal holiday):

| Due Date | Activity |
|---|---|
| June 1, 2021 | Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval |
| June 15, 2021 | Defendant provides the Class Information for the Class Members to Settlement Administrator (14 days from Preliminary Approval) (proposed dates based on Order Granting Preliminary Approval being entered on June 1, 2021) |
| June 29, 2021 | Settlement Administrator to mail Class Notice to the Class Members. (No later than 28 days from preliminary approval) |
| August 14, 2021 | Deadline for Class Counsel to File Motion for Approval of Attorneys' Fees and Costs and Class Representative Service Award ("Fees Motion") and Declaration from Administrator, and Class Counsel in support<br><br>To be noted for hearing on Date of Final Approval Hearing |

| August 28, 2021 | Last day for Class Members to Object to the Settlement (60 days from Initial Mailing of Class Notice). |
|---|---|
| August 28, 2021 | Last day for Class Members to submit an Opt-Out Request (60 Days from Initial Mailing of Class Notice). |
| September 20, 2021 | Deadline for Class Counsel to File Motion for Final Approval of the Settlement, Declaration from Administrator, and Supplemental Documents for Fees Motion (within 30 days after the deadline for Settlement Class Members to submit Objections and Opt-Out Requests, unless otherwise extended to within 45 days pursuant to Paragraph 10(c) of the Settlement Agreement and with approval of the Court to adjust date of Final Approval Hearing; and at least 21 days before Final Approval Hearing) <br><br> To be noted for hearing on October 12, 2021 |
| October 22, 2021 | Date for Final Approval Hearing (11:00 a.m.) |

19.   In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as of before entering into the Settlement Agreement. The Court's findings are for purposes of certifying a settlement class and to settle the matter and will not have any claim or issue preclusion or estoppel effect in any other action against Defendant, or in this action, if the Settlement is not finally approved.[2]

**IT IS SO ORDERED.**

Dated:  June 1, 2021

*MWk S Lasnik*

HON. ROBERT S. LASNIK
United States District Judge

_____

[2] Plaintiffs' motion to file an over-length brief for its unopposed motion for preliminary approval (Dkt. # 96) is also GRANTED.

ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL
[CASE NO. 2:19-CV-00458-RSL]

9