THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTINA CHETWOOD, and SANDRA
CASTELLON-GONZALEZ, individually,
and on behalf of others similarly situated,

Plaintiffs,

v.

T- MOBILE USA, INC.

Defendant.

No. 2:19-cv-00458-RSL

**STIPULATED MOTION AND
ORDER TO MODIFY ORDER
GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
CLASS/COLLECTIVE ACTION
SETTLEMENT (DOCUMENT 100)**

## **RELIEF REQUESTED**

The parties file this stipulated motion ("Motion") requesting a modification to the

Court's Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of

Class/Collective Action Settlement (Dkt. # 100) (the "Preliminary Order").  For the reasons

set forth herein, the parties request that the Preliminary Order be modified to remove the

requirement that the initial settlement Notice and Opt-Out Request[1] forms provided to the

Settlement Class Members be sent both by U.S. Mail and via personal email addresses (where

---

[1] Unless otherwise defined herein, all capitalized terms in this Motion are defined in the
parties' Settlement Agreement, which is Exhibit A to Plaintiffs' Unopposed Motion for
Preliminary Approval of Class/Collective Action Settlement (Dkt. # 98-1, pp. 2-25).

STIPULATED MOTION AND ORDER TO MODIFY
ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF
CLASS/COLLECTIVE ACTION SETTLEMENT
(DOCUMENT 100) - 1
No. 2:19-cv-00458-RSL

available).  The parties request that the Preliminary Order be modified to provide that: (1) such forms need only be mailed via U.S. Mail to the Settlement Class Members, but such notices will be re-sent by email (where personal emails are available) to any Settlement Class Members who had their initial Notices returned as undeliverable and for whom the Settlement Administrator's trace did not result in the identification of a current mailing address for the Settlement Class Member, as well as any Settlement Class Member for whom a second mailing of the Notice after a batch trace was performed was also returned to the Settlement Administrator as undeliverable; and (2) any such Settlement Class Members will have an additional thirty (30) days from the emailing of the supplemental Notice and Opt-Out Request forms to opt out of the Settlement or to file/serve any objections prior to the current October 22, 2021 Final Approval Hearing.[2]

**FACTS**

In spring of 2021, the parties entered into a Settlement Agreement to resolve Plaintiffs' Fair Labor Standards Act ("FLSA") and state law wage-and-hour claims in this hybrid collective/class action.  The Settlement Agreement provides that the Settlement Class Members would be sent a Notice, and opportunity to affirmatively opt out, of the proposed settlement of the FLSA claim of the Opt-In Group and the stipulated class certification(s) and proposed settlement of the state-law claims of the Rule 23 Group (collectively, the "Notice").  Dkt. # 98-1 (at p.9).  The Settlement Agreement provides that the Settlement Administrator would send the Notice to each Settlement Class Member at such member's address via first

[2] The parties anticipate that the Court may consider an alternative approach of ordering that supplemental Notice and Opt-Out Request forms be sent to all 7,737 Settlement Class Members, along with an additional thirty-day period for all members to opt-out or object.  For the reasons set forth herein, however, the parties maintain that the proposed approach of only sending the supplemental Notices to those who did not previously receive Notices by regular U.S. Mail is most appropriate under the present circumstances.

**STIPULATED MOTION AND ORDER TO MODIFY ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT (DOCUMENT 100)** - 2
No. 2:19-cv-00458-RSL

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   class regular United States mail. The Settlement Agreement further provides that, if any

2   Notice were to be returned as undeliverable, the Settlement Administrator would attempt one

3   trace to locate a correct address and, if located, would make a second attempt at mailing the

4   Notice or, if not located and a personal email address is available, would send a notice to the

5   Settlement Class Member's personal email address.  *Id*.  If the Notice were again returned as

6   undeliverable, no further attempts at delivery would be necessary.  *Id*.

7          Consistent with the parties' Settlement Agreement, Plaintiffs' Unopposed Motion for

8   Preliminary Approval of Class/Collective Action Settlement, and its accompanying proposed

9   order, explained the parties' proposed plan for providing Notice to the Settlement Class

10   Members.  Dkt. # 98 (at pp.19, 32-33, 74-75).

11          On June 1, 2021, the Court entered the Preliminary Order granting Plaintiffs'

12   Unopposed Motion for Preliminary Approval of Class/Collective Action Settlement.  The

13   Order was essentially identical to the proposed order submitted by Plaintiffs from paragraphs

14   1 through 12, with the exception of the language in paragraph 10 addressing the Notice

15   procedures.  Compare Dkt. # 100 (¶¶1-12) with Dkt. # 98-1 (pp.70-74, ¶¶1-12).  In paragraph

16   10, the Preliminary Order provides, in part, as follows, with emphasis added:

17          The Court concludes that the form of Notice at Exhibit D to the Settlement
          Agreement, as well as the procedure set forth in the Settlement Agreement for
18          providing notice to the Settlement Class Members, will provide the best notice
          practicable under the facts and circumstances of this case *with the following*
19          *modification: the initial sending of the Notice and Opt-Out Request forms to*
          *the Settlement Class Members should occur not only via U.S. Mail, but also via*
20          *email to personal email address, where such personal email addresses are*
          *available.*
21

22          Unfortunately, when providing the Settlement Class Member information to the

23   Settlement Administrator on June 15, 2021 via email, for purposes of the provision of the

24   Notices to the Settlement Class Members, the undersigned counsel erroneously informed the

25

26   **STIPULATED MOTION AND ORDER TO MODIFY**
    **ORDER GRANTING PLAINTIFFS' UNOPPOSED**
    **MOTION FOR PRELIMINARY APPROVAL OF**
    **CLASS/COLLECTIVE ACTION SETTLEMENT**
    **(DOCUMENT 100)** - 3
    No. 2:19-cv-00458-RSL

Settlement Administrator that the Notices were to be mailed via U.S. Mail, and not also emailed, to the Settlement Class Members.  Declaration of Daniel P. Hurley ("Hurley Decl.") ¶2.  The undersigned counsel did so based at that time on his reference to and reliance on the parties' Settlement Agreement, and in so doing failed to acknowledge the modification made to the Notice procedure by the Court's Preliminary Order.[3]  Hurley Decl. ¶2.   In any case, on June 29, 2021, the Settlement Administrator sent the Notices to the Settlement Class Members via U.S. Mail, but did not also email those Notices to the class members personal email addresses.  Declaration of Amanda Myette ("Myette Decl.") ¶3.

The error in failing to advise the Settlement Administrator of the need to send the Notices to the Settlement Class Members via both email and U.S. mail was entirely inadvertent and the result of counsel referencing the parties' Settlement Agreement, rather that the Court's Preliminary Order, when communicating with the Settlement Administrator.  Hurley Decl. ¶4.  Neither counsel for T-Mobile nor counsel for Plaintiffs could have any motive to avoid providing Notices via email or other motive for any decreased effectiveness of the Notice process, given that (1) the settlement in this hybrid/class collection action provides for all identified Settlement Class Members to be included in the settlement unless they affirmatively opt-out of the Settlement, and (2) the Settlement Agreement requires T-Mobile to pay a fixed total Settlement Amount for distribution to the Settlement Class Members regardless of the number of members who might choose to opt-out of the settlement (*i.e.*, there is no residual that results from Settlement Class Members opting out of the

---

[3] Because the Settlement Class Member information the undersigned counsel provided to the Settlement Administrator included the members' confidential social security numbers, the undersigned counsel did not include Plaintiffs' counsel on his email to the Settlement Administrator, but instead sent a separate email to Plaintiff's counsel in order to provide a separate version of the Settlement Class Member information that did not include social security numbers.  Hurley Decl. ¶ 3.

**STIPULATED MOTION AND ORDER TO MODIFY ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT (DOCUMENT 100)** - 4
No. 2:19-cv-00458-RSL

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

settlement).  Dkt. # 98-1.

Moreover, based on the most recent report from the Settlement Administrator, the efforts to provide Notices to the Settlement Class Members via regular U.S. Mail was overwhelmingly successful.  Of the 7,737 Settlement Class Members, only 634 of the initial Notice mailings were returned as undeliverable without a forwarding address.  Myette Decl. ¶4.  The Settlement Administrator did a batch trace for all 634 of these Settlement Class Members, which resulted in the identification of current addresses for 491 Settlement Class Members, leaving only 143 for whom the trace did not result in a current address.  *Id*.  The Settlement Administrator re-mailed Notices via regular U.S. Mail to the 491 Settlement Class Members for whom the trace resulted in the identification of a mailing address.  *Id*.  Of those 491, only 142 came back as undeliverable again, and thus the Settlement Administrator was only unable to mail Notices to those individuals.  *Id*.  Accordingly, based on these results, it appears that only 3.68% (*i.e.*, 285) of the 7,737 Settlement Class Members did not receive Notices via regular U.S. Mail.  Of those 285 Settlement Class Members, T-Mobile's records have personal email addresses for 271.  Hurley Decl. ¶5.

## ARGUMENT

Despite the inadvertent failure to provide Notices to the Settlement Class Members via their personal email addresses (where available), as specified by the Court's modification of the Plaintiffs' proposed order requesting approval of the settlement and the Notice process, the parties agree that this error can be sufficiently addressed by (1) providing supplemental Notices via personal emails only to the Settlement Class Members for whom the Settlement Administrator did not have, and could not locate by trace, a current mailing address[4]; and (2)

---

[4] While the parties' Settlement Agreement (which was provided to the Settlement Administrator by counsel for T-Mobile) directed that the Settlement Administrator would email the Notice and Opt-Out Request forms to the personal email addresses (where available) of any Settlement Class Members for whom the Settlement Administrator was

**STIPULATED MOTION AND ORDER TO MODIFY ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT (DOCUMENT 100)** - 5
No. 2:19-cv-00458-RSL

allowing such Settlement Class Members to have an additional thirty (30) days from the

emailing of the Notice and Opt-Out Request forms to opt out of the Settlement or to file/serve

any objections prior to the current October 22, 2021 Final Approval Hearing.

By providing supplemental Notices via email to those Settlement Class Members, and

Notice via U.S. Mail to all other Settlement Class Members, the Notice process will satisfy

the requirements that the class notice must be the "best notice that is practicable under the

circumstances," Fed. R. Civ. P. 23(c)(2)(B), and that the Court "direct notice in a reasonable

manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).

*See also e.g.*, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974) (notice mailed to each

class member "who can be identified through reasonable effort" constitutes reasonable

notice); *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 477-76 (E.D. Cal. 2009) (holding

notice involving similar mail procedures as here meets both Rule 23(e) and Rule 23(c)

requirements); *Adams v. Inter-Con Security Sys., Inc*., No. 06 Civ. 5428, 2007 WL 3225466,

at *4 (N.D. Cal. Oct. 30, 2007) (finding that notice using similar mail procedure as here

"satisfies the notice requirements of Rule 23(e), and ... all other legal and due process

requirements").[5]

---

unable to identify a current address after attempting one trace to locate such an address, the
Settlement Administrator did not follow that process. Myette Decl. ¶¶2, 4. Thus, the
supplemental Notice process proposed by this Motion would also cure this oversight.

[5] *See also* Manual for Complex Litigation, Fourth, §21.311 ("notice by mail usually is
preferred," citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 n.22 (1978)); Wright
& Miller, *Federal Practice & Procedure, Civil* § 1786 n.39 ("individual notices by *first class*
mail would in most cases be the 'best notice practicable'"); 3 Newberg on Class Actions §
8:28 (5th ed. 2013) ("notice by mail is the preferred means for notifying identified members
of the class"); Moore's Federal Practice 3d § 23.102[3][a] ("Notice by first-class mail is [the]
norm for class members who can be identified"); *Phillips Petroleum Co. v. Shutts*, 472 U.S.
797, 812 (1985) (due process was satisfied when fully descriptive notice was sent by first-
class mail to each class member).

**STIPULATED MOTION AND ORDER TO MODIFY**
**ORDER GRANTING PLAINTIFFS' UNOPPOSED**
**MOTION FOR PRELIMINARY APPROVAL OF**
**CLASS/COLLECTIVE ACTION SETTLEMENT**
**(DOCUMENT 100)** - 6
No. 2:19-cv-00458-RSL

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

The sufficiency of the Notice in this case (if modified as proposed by this Motion) is further supported by the fact that the Settlement Class Members are included in (and will thus benefit from) the class/collective settlement unless they affirmatively choose to opt-out of the settlement, as opposed to being required to affirmatively opt-in to the action and the settlement in order to receive a settlement payment.

While an alternative approach to that proposed by the parties in this Motion would be to send a supplemental Notice and Opt-Out Request form to the personal email addresses (where available) of all 7,737 Settlement Class Members, along with an additional thirty-day period for all members to opt-out or object, such a step is unnecessary given that the Settlement Administrator has been able to successfully deliver notice by mail to more than 96% of the Settlement Class.  Moreover, sending another Notice to all Settlement Class Members could lead to confusion for those individuals who already received a Notice by mail and made their decisions, by the deadlines stated in that Notice, as to whether to opt-out from, submit an objection to, or remain a participant in this action and its anticipated settlement.

## STIPULATION

For the reasons set forth above, the parties therefore agree and stipulate as follows:

The current Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval should be modified to remove the requirement that all Settlement Class Members receive a Notice and Opt-Out Request form via email to their personal email address, and provide that it shall be sufficient for the Notice and Opt-Out Request forms to be provided only via regular U.S. Mail, except as follows:

(1) Supplemental Notice and Opt-Out Request forms must be re-sent by email (where personal emails are available) to any Settlement Class Members who had their initial mailed Notice returned as undeliverable to the Settlement Administrator and for whom the Settlement Administrator's trace did not result in the identification of a current mailing address, as well

**STIPULATED MOTION AND ORDER TO MODIFY ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT (DOCUMENT 100)** - 7
No. 2:19-cv-00458-RSL

as any Settlement Class Member for whom a second mailing of the Notice after a batch trace was performed was also returned to the Settlement Administrator as undeliverable.  The forms of the supplemental Notice and Opt-Out Request will be in the forms attached hereto as Exhibit A, showing as redlines the edits made to the initial Notice and Opt-Out forms that were previously mailed to the Settlement Class Members.

(2) Any such Settlement Class Members will have an additional thirty (30) days from the emailing of the supplemental Notice and Opt-Out Request forms to opt out of the Settlement or to file/serve any objections prior to the current October 22, 2021, Final Approval Hearing.

(3) Should any such Settlement Class Members timely file and serve an Opt-Out Request form, those Settlement Class Members will be excluded from, and not bound by the settlement of, this litigation, and will not receive any Individual Settlement Award payment, and the Settlement Administrator will recalculate the Individual Settlement Award payments to the remaining Settlement Class Members pursuant to the formula set forth in the parties' Settlement Agreement.

DATED this 8th day of September 2021.


Presented by

K&L GATES LLP

By:  s/Daniel P. Hurley
    s/Patrick M. Madden
    Daniel P. Hurley, WSBA #32842
    Patrick M. Madden, WSBA #21356
    Email: daniel.hurley@klgates.com
    Email:  patrick.madden@klgates.com
    925 Fourth Avenue, Suite 2900
    Seattle, Washington  98104-1158

**STIPULATED MOTION AND ORDER TO MODIFY ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT (DOCUMENT 100)** - 8
No. 2:19-cv-00458-RSL

1   Telephone:  (206) 623-7580
    Facsimile:  (206) 623-7022
2
3   *Attorneys for Defendant*

4
5   SOMMERS SCHWARTZ, P.C.

6   By:  s/Kevin J. Stoops
        s/Charles R. Ash IV, Esq.
7       Kevin J. Stoops, Esq.
        Charles R. Ash IV, Esq.
8       Email:  kstoops@sommerspc.com
        Email:  crash@sommerspc.com
9       Sommers Schwartz, P.C.
        One Towne Square, Suite 1700
10      Southfield, Michigan 48076
        925 Fourth Avenue, Suite 2900
11      Telephone: (248) 355-0300

12

13      SCHROETER GOLDMARK & BENDER

14   By:  s/Adam J. Berger
15       Adam J. Berger, WSBA#
         Email: berger@sgb-law.com
16       Schroeter Goldmark & Bender
         810 Third Avenue, Suite 500
17       Seattle, WA 98104
         Telephone: (206) 622-8000
18
19   *Attorneys for Plaintiffs*

20

21

22

23

24

25

26   **STIPULATED MOTION AND ORDER TO MODIFY**
     **ORDER GRANTING PLAINTIFFS' UNOPPOSED**
     **MOTION FOR PRELIMINARY APPROVAL OF**
     **CLASS/COLLECTIVE ACTION SETTLEMENT**
     **(DOCUMENT 100)** - 9
     No. 2:19-cv-00458-RSL

1

2                                          **ORDER**

3        Having considered the foregoing, IT IS HEREBY ORDERED as follows:

4        1.   The current Order Granting Plaintiffs' Unopposed Motion for Preliminary

5             Approval (Dkt. # 100) is hereby modified to remove the requirement that all

6             Settlement Class Members receive a Notice and Opt-Out Request form via email

7             to their personal email address.  It shall be sufficient for the Notice and Opt-Out

8             Request forms to be provided only via regular U.S. Mail, except as follows.

9        2.   The Settlement Administrator shall send supplemental Notice and Opt-Out

10            Request forms by email (where personal emails are available) to any Settlement

11            Class Members who had their initial mailed Notice returned as undeliverable to the

12            Settlement Administrator and for whom the Settlement Administrator's trace did

13            not result in the identification of a current mailing address for the Settlement Class

14            Member, as well as any Settlement Class Member for whom a second mailing of

15            the Notice after a batch trace was performed was also returned to the Settlement

16            Administrator as undeliverable.  The supplemental Notice and Opt-Out Request

17            forms will be in the forms attached hereto as <u>Exhibit A</u>, showing as redlines the

18            edits made to the contents of the initial Notice and Opt-Out Request forms that

19            were previously mailed to the Settlement Class Members.

20       3.   Any such Settlement Class Members receiving a supplemental Notice and Opt-Out

21            Request form will have an additional thirty days from the emailing of those forms

22            by the Settlement Administrator to opt out of the Settlement or to file/serve any

23            objections prior to the October 22, 2021, Final Approval Hearing.

24       4.   Should any such Settlement Class Members timely file and serve an Opt-Out

25            Request form, those Settlement Class Members will be excluded from, and not

26       **STIPULATED MOTION AND ORDER TO MODIFY**
         **ORDER GRANTING PLAINTIFFS' UNOPPOSED**
         **MOTION FOR PRELIMINARY APPROVAL OF**
         **CLASS/COLLECTIVE ACTION SETTLEMENT**
         **(DOCUMENT 100)** - 10
         No. 2:19-cv-00458-RSL

1    bound by the settlement of, this litigation, and will not receive any Individual

2    Settlement Award payment, and the Settlement Administrator will recalculate the

3    Individual Settlement Award payments to the remaining Settlement Class

4    Members pursuant to the formula set forth in the parties' Settlement

5    Agreement.

6

7    IT IS SO ORDERED.

8    DATED this 9th day of September, 2021.

9

10

11

12   _____
     Hon. Robert S. Lasnik
     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26   **STIPULATED MOTION AND ORDER TO MODIFY**
     **ORDER GRANTING PLAINTIFFS' UNOPPOSED**
     **MOTION FOR PRELIMINARY APPROVAL OF**
     **CLASS/COLLECTIVE ACTION SETTLEMENT**
     **(DOCUMENT 100)** - 11
     No. 2:19-cv-00458-RSL

# EXHIBIT A

Chetwood v T-Mobile Settlement Administrator
c/o Rust Consulting, Inc. – 7325
PO Box 54
Minneapolis, MN 55440-0054

**IMPORTANT LEGAL MATERIALS**

## *CLMNT_IDNO* - UAA <<SequenceNo>>

<<Name1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

FOR OFFICIAL USE ONLY

08

Page 1 of 1

---

# REQUEST FOR EXCLUSION FORM

*Chetwood v. T-Mobile USA, Inc.*, Case No. 2:19-CV-00458-RSL
U.S. District Court for the Western District of Washington

*Note: You do not need to do anything to remain a Settlement Class Member and to participate in the proposed Settlement.*

If you want to opt out, provide the following information (*please print legibly*):

Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Telephone Number (Home): (_____)_____-_____ Telephone Number (Cell): (_____)_____-_____

By my signature below, I **REQUEST TO BE EXCLUDED** from the Class lawsuit and Settlement in the case of *Chetwood v. T-Mobile USA, Inc.* I understand that my submission of a timely Request for Exclusion means that I will be excluded from the Class lawsuit and Settlement and **that I will not receive any payment or benefits under the Settlement in this case.**

Signature:_____ Date:_____/_____/_____

In order to exclude yourself from the Settlement Class, you must complete and sign this form and mail, fax, or email the completed form as directed below, and the form must be postmarked (if sent by mail) or received (if sent by facsimile or email) no later than [*insert date that is 30 days after emailing of supplemental Notice* ~~August 28, 2021~~]:

By mail:

Chetwood v T-Mobile Settlement Administrator
c/o Rust Consulting, Inc. – 7325
PO Box 54
Minneapolis, MN 55440-0054

By facsimile:         (866) 304-6416

By email:         info@chetwoodvtmobilesettlement.com

## *7325*      *EXCL*      *RUST*

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

*Chetwood v. T-Mobile USA, Inc.*, No. 2:19-cv-00458-RSL

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- You're receiving this notice because you may be entitled to receive a payment as part of a lawsuit settlement. You may have previously received a similar notice via regular U.S. Mail. If so, the dates identified in this notice will apply, rather than the dates identified in the prior notice sent via mail.

- This lawsuit claims that T-Mobile didn't pay the Plaintiffs and other Legacy T-Mobile Care Experts and CSRs for all hours worked, including for time spent logging into computers and opening computer applications.

- T-Mobile doesn't agree with the Plaintiffs. T-Mobile believes it pays its employees generously and in compliance with all legal rules.

- However, T-Mobile has decided it would rather provide additional money to employees, rather than spend more money on attorneys' fees defending this case.

- So, the Plaintiffs and T-Mobile have agreed to settle the lawsuit.

- To be part of this settlement, you must have worked at a Legacy T-Mobile U.S. call center in a position that contains the terms Associate Expert, Expert, Senior Expert, CSR 1, CSR 2, or CSR 3 (collectively "Experts"), **and** you must also fall into one of the following buckets:

  o You worked in Colorado, Missouri, New Mexico, Oregon, or Washington State between April 23, 2017, and June 1, 2021; or

  o You received and returned a signed "Consent to Join Lawsuit" form last year indicating you wanted to join this lawsuit.

- **Your legal rights will be affected whether you act or not.** Here's a summary:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Do Nothing** | You don't have to do anything to stay in the case and get a payment. If you stay in the case and get a payment, you can't bring a separate lawsuit and will be bound by any orders the Court enters in the case. |
| **Exclude Yourself** | If you want to exclude yourself from this case, you must submit a request to be excluded called an "opt-out". If you opt-out, you won't get any payment from the settlement, but you'll retain any alleged claims and you won't be bound by any Court judgment. |
| **Object** | If you do not opt-out, you can tell the Court why you do not like the settlement. |

- These options—and related deadlines—are explained in this Notice. Read on for details.

- The Court still has to decide whether to approve the settlement. Payments will be made only if the settlement is approved and after any appeals are resolved. Please be patient.

**Questions?** Contact the Settlement Administrator at *Chetwood v T-Mobile Settlement Administrator, c/o Rust Consulting, Inc. – 7325, PO Box 54, Minneapolis, MN 55440-0054*, by telephone at (866)665-8445, by facsimile to (866) 304-6416, or by e-mail to *info@chetwoodvtmobilesettlement.com*. Please **DO NOT** contact T-Mobile management, Employee Care, or Human Resources; the Judge; or the Court. They cannot respond to your questions.

<table>
<tr><th colspan="2">WHAT THIS NOTICE CONTAINS</th></tr>
</table>

**BASIC INFORMATION** ................................................................................................................. **PAGE 3**

1.      Why did I get this notice package?
2.      What is this lawsuit about?
3.      Why is this a class action?
4.      Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ..................................................................................................... **PAGE 4**

5.      Am I part of the Class and eligible for the Settlement?
6.      What if I am not sure if I am included?

**THE SETTLEMENT BENEFITS — WHAT YOU GET** ....................................................................... **PAGE 4**

7.      What does the Settlement provide?
8.      What can I get from the Settlement?

**HOW YOU GET A PAYMENT — IF YOU DO NOTHING** ................................................................. **PAGE 5**

9.      How can I get an individual Settlement payment?
10.    When will I get my payment?
11.    What am I giving up to stay in the Class and get a payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ...................................................................... **PAGE 6**

12.    How do I exclude myself from this Settlement?
13.    If I do not opt out, can I sue T-Mobile for the same thing later?
14.    If I opt out, can I still get money from this Settlement?
15.    Can anyone retaliate against me for joining or excluding myself from the lawsuit and Settlement?

**THE LAWYERS REPRESENTING YOU** ......................................................................................... **PAGE 6**

16.    Do I have a lawyer in this case?
17.    How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ............................................................................................ **PAGE 6**

18.    How do I tell the Court that I do not like the Settlement?
19.    What is the difference between objecting and opting out?

**THE COURT'S FINAL SETTLEMENT APPROVAL HEARING** .......................................................... **PAGE 7**

20.    When and where will the Court decide whether to approve the settlement?
21.    Do I have to come to the hearing?
22.    May I speak at the hearing?

**GETTING MORE INFORMATION** ................................................................................................. **PAGE 8**

23.    Are there more details about the Settlement?
24.    How do I get more information?

## BASIC INFORMATION

| 1. | WHY DID I RECEIVE THIS NOTICE PACKAGE? |
|---|---|

You received this Notice because records indicate that you worked for T-Mobile at a Legacy T-Mobile call center in the United States in a position that contains the terms Associate Expert, Expert, Senior Expert, CSR 1, CSR 2, or CSR 3, and either or both of the following also apply to you: (a) you previously received and timely returned a signed "Consent to Join Lawsuit" form indicating your decision to join this lawsuit; and/or (b) you worked for T-Mobile in Colorado, Missouri, New Mexico, Oregon, or Washington state between April 23, 2017, and June 1, 2021. You may have previously received a similar notice in the mail.

The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit, *Chetwood, et al. v. T-Mobile USA, Inc.*, Case No. 2:19-cv-00458-RSL (the "Lawsuit"), that is pending in the United States District Court for the Western District of Washington in Seattle, Washington. While it has taken no position regarding the merits of this Lawsuit, the Court has preliminarily approved a settlement (the "Settlement") of the Lawsuit agreed to by the parties. The Court will conduct a hearing (a "Final Settlement Approval Hearing") to determine if the Settlement should be approved and, if approved, an administrator appointed by the Court will make the payments that the Settlement allows.

This Notice describes the Lawsuit, the Settlement, your legal rights, how you can obtain a Settlement payment, and how you can exclude yourself from, or object to, the Settlement.

| 2. | WHAT IS THIS LAWSUIT ABOUT? |
|---|---|

On March 28, 2019, Kristina Chetwood and others ("Plaintiffs") filed this Lawsuit against T-Mobile. The Lawsuit claims that T-Mobile violated the federal Fair Labor Standards Act (the "FLSA") and state wage laws in Colorado, Missouri, New Mexico, Oregon, and Washington State by failing to pay Plaintiffs and similarly situated call center employees for all hours worked, including time spent starting computers and logging into computer applications. Plaintiffs allege that, under these laws, they and similarly-situated employees are entitled to pursue derivative claims and to recover unpaid regular and overtime wages, liquidated damages, penalties, attorneys' fees, costs, interest, and other relief.

T-Mobile denies that it did anything wrong. T-Mobile believes that it pays its employees generously and that it always followed the law. T-Mobile also doesn't agree that Plaintiffs are representative of other T-Mobile employees.

| 3. | WHY IS THIS A CLASS ACTION? |
|---|---|

In a collective or class action, one or more people called Class Representatives (in this case the Plaintiffs and others) sue on behalf of people who have similar claims. These people are called the Class or Class Members. In a class action, the Court resolves issues for all Class Members who do not exclude themselves from the Class.

In April 2019, the Court conditionally certified this Lawsuit to proceed as a collective action under the FLSA on behalf of T-Mobile Experts who worked at a U.S. call center at any time between April 7, 2017 and April 9, 2020 (collectively referred to as the "Notice Group"). As a result of this certification, an initial notice of this lawsuit was mailed to the Notice Group and the members of the Notice Group were given a period of sixty (60) days to sign and return a "Consent to Join" form in order to join, or "opt in" to, the FLSA collective action.

In addition to this FLSA certification, the parties have agreed as part of the Settlement to certify a class of all Experts who worked at Legacy T-Mobile call centers in Colorado, Missouri, New Mexico, Oregon, or Washington State at any time from April 23, 2017, to June 1, 2021.

| 4. | WHY IS THERE A SETTLEMENT? |
|---|---|

The Court did not decide in favor of Plaintiffs or T-Mobile. Instead, the parties engaged in extended mediation before a neutral mediator and reached agreement on a settlement. By settling, both parties avoid the substantial costs and risks of a trial.

Plaintiffs' attorneys, who represent the Class and are referred to in this Notice as "Class Counsel," believe that the Settlement benefits Class Members. The Settlement provides for a payment to every Class Member and enables Class Members to avoid the risk that T-Mobile will win the lawsuit, in which case Class Members recover nothing. The Settlement also enables Class Members to recover money without the delay of protracted litigation.

While T-Mobile doesn't agree with anything the Plaintiffs said, it prefers to resolve this matter by making payments to employees under this Settlement rather than incurring further attorneys' fees and costs in defending the Lawsuit.

### WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine whether you are a Class Member.

| **5.   AM I PART OF THE CLASS AND ELIGIBLE FOR THIS SETTLEMENT?** |
|---|

The parties agreed in the Settlement and the Court has decided that the following individuals are Class Members and can participate in the Settlement:

All current or former employees who worked at a Legacy T-Mobile call center in the United States in a position that contains the terms Associate Expert, Expert, Senior Expert, CSR 1, CSR 2, or CSR 3, and who fall within one or both of the following two categories: (a) previously received and timely returned a signed "Consent to Join Lawsuit" form indicating their intent to join this lawsuit; and/or (b) worked in such a position in Colorado, Missouri, New Mexico, Oregon, or Washington State between April 23, 2017, and June 1, 2021.

| **6.   WHAT IF I AM NOT SURE IF I AM INCLUDED?** |
|---|

If you are still not sure whether you are included, you can ask for help. You can contact the Notice Administrator at *Chetwood v T-Mobile Settlement Administrator, c/o Rust Consulting, Inc. – 7325, PO Box 54, Minneapolis, MN 55440-0054, by telephone at (866) 665-8445, by facsimile to (866) 304-6416, or by e-mail to info@chetwoodvtmobilesettlement.com,* or Class Counsel as described in Section 18. Please do not contact the Judge, the Court, or T-Mobile's managers or Human Resources.

### THE SETTLEMENT BENEFITS — WHAT YOU GET

| **7.   WHAT DOES THE SETTLEMENT PROVIDE?** |
|---|

T-Mobile has agreed to pay the total "Settlement Amount" of Two Million Dollars ($2,000,000.00) to resolve all wage and hour and derivative claims related to this Lawsuit.

| **8.   WHAT CAN I GET FROM THE SETTLEMENT?** |
|---|

Your "Individual Settlement Payment" will be calculated based on a formula set forth in the settlement agreement on file with the Court (the "Settlement Agreement") and discussed below.

The total Settlement Amount will be reduced for attorneys' costs and fees as approved by the Court, individual incentive awards for the nine Class Representatives as approved by the Court, amounts paid to notice and claims administrators, and other administrative costs of the settlement (including the employer's share of payroll taxes). The resulting amount, called the Net Settlement Amount, will be distributed among all Class Members who do not opt-out of the Settlement.

Each Class Member will receive a minimum payment of twenty dollars ($20.00), which will be subtracted from the Net Settlement Amount. In addition, each Class Member will be eligible to receive an additional proportionate payment from the Net Settlement Amount (the "Proportionate Share Payment") as calculated by the Settlement Administrator. To calculate each Proportionate Share Payment, the Settlement Administrator will use the following formula.

(a) Each Class Member will be assigned one (1) point for each pay period worked in a Settlement Class position at any time from April 23, 2017, to June 1, 2021, in which they worked eighty (80) or more hours according to T-Mobile's time records.

(b) Each Class Member will be assigned one-quarter (0.25) additional point for each pay period worked in a Settlement Class position between April 23, 2017, and June 1, 2021, in which the class member worked at a call center located in Colorado, Missouri, New Mexico, Oregon, or Washington, according to T-Mobile's time records.

(c) The Settlement Administrator will then (i) add the points for all Class Members together to obtain the "Total Denominator"; (ii) divide the number of points for each Class Member by the Total Denominator to obtain each Class Member's portion of the Net Settlement Amount; and (iii) multiply each Class Member's portion of the Net Settlement Amount by the total Net Settlement Amount (less all Minimum Payments).

The sum of the Individual Settlement Payments for all Class Members (i.e., the sum of all minimum payments and Proportionate Share Payments) will equal the Net Settlement Amount.

As explained in more detail in the Settlement Agreement, half of a Class Member's Individual Settlement Amount will be

paid as wages (less ordinary payroll taxes and withholding) and the other half with be paid as non-wages (for liquidated damages and interest).

## HOW YOU GET A PAYMENT – IF YOU DO NOTHING

| **9.** | **HOW CAN I GET AN INDIVIDUAL SETTLEMENT PAYMENT?** |
|---|---|

If you receive this Notice, the parties have identified you as a Class Member. You do not need to take any further action to receive your Individual Settlement Payment.

If you move prior to receiving a check, you should contact the Settlement Administrator at (866) 665-8445 to notify the Settlement Administrator of your new address. You may also provide change of address information by facsimile to (866) 304-6416, by mail to Chetwood v T-Mobile Settlement Administrator, c/o Rust Consulting, Inc. – 7325, PO Box 54, Minneapolis, MN 55440-0054, or by e-mail to info@chetwoodvtmobilesettlement.com. If you return an exclusion form and opt-out, you will not get a payment.

| **10.** | **WHEN WILL I GET MY PAYMENT?** |
|---|---|

The Court will hold a hearing on October 22, 2021, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. If appeals occur, it is uncertain how long it could take to resolve them. Once the Settlement is approved and appeals are resolved, payments should be issued within thirty (30) to sixty (60) days. Absent any appeals, the parties anticipate that payments will be made in December 2021 or January 2022.

| **11.** | **WHAT AM I GIVING UP TO STAY IN THE CLASS AND GET A PAYMENT?** |
|---|---|

Unless you exclude yourself, you will stay in the Class. That means that you cannot sue, continue to sue, or be part of any other lawsuit against T-Mobile arising from the factual allegations or involving the legal claims asserted in the Lawsuit. It also means that all the Court's orders will apply to you and bind you. If the Court grants final approval of the Settlement, the Lawsuit will be dismissed with prejudice, and the following release of claims will become effective:

As of the Effective Date, this Agreement constitutes a full and final settlement and release of any and all wage and hour claims, including those relating to recorded, unrecorded, off-the-clock, additional, undercompensated, or uncompensated work time; regular or overtime pay (or the calculation thereof ), and including the timing and method of payment; liquidated or double damages; other penalties or premium amounts related to wage statements, rest and meal breaks, work hours, schedules, or pay; and all derivative claims (including attorneys' fees, costs, and expenses) that were or could have been asserted by any or all members of the Settlement Class against T-Mobile or any other Released Parties. This release applies to the members of the Settlement Class and their respective marital communities (if any), heirs, executors, administrators, and assigns. This release covers any and all wage and hour claims, rights, demands, charges, complaints, causes of action, damages, obligations, disputes, or liabilities of any kind or nature that were asserted in the Action or could have been but were not asserted in the Action, whether known or unknown, arising out of work performed by the Settlement Class for T-Mobile from the beginning of time through the Effective Date. This expressly includes but is not limited to any statutory/regulatory claims that may lawfully be released (including but not limited to claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; Colorado Minimum Wages of Workers Act, Colo. Rev. Stat. §§8-6-101–8-6-119, Colorado Minimum Wage Order No. 32, 7 Colo. Code Regs. §§1103-1(1)–(22), Colorado Wage Claim Act, Colo. Rev. Stat. §§8-4-101–8-4-123; Missouri Minimum Wage Law, § 290.500 RSMo, et seq., Missouri Wage Payment Law, §§ 290.080 to 290.090, RSMo; New Mexico Minimum Wage Act, N.M.S.A. § 50-4-19 et seq.; Oregon Revised Statutes, Chapters 652 and 653; Washington Minimum Wage Act, RCW 49.46 et seq., Washington Wage Rebate Act, RCW 49.52 et seq., Washington Industrial Welfare Act, RCW 49.12 et seq., and Washington's wage payment statute, RCW Chapter 49.48; as well as any local laws in those five states), contractual claims (whether express or implied), and common law claims (including without limitation any claims of unjust enrichment, quantum meruit, estoppel, misrepresentation, any other claim in equity, and any claim of breach of a covenant of good faith and fair dealing) for compensation, wages, unpaid amounts, double damages, interest, penalties, costs, expenses, and/or attorneys' fees for or related to such matters. This expressly excludes claims that are not reasonably related to wage and hour claims, including claims for discrimination, retaliation, wrongful termination, unemployment, disability, worker's compensation, and any claims that may not be lawfully released under this Agreement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement and, instead, want to keep any alleged claims, then you must take steps to exclude yourself (or opt-out) of the Class.

| **12.** | **HOW DO I EXCLUDE MYSELF FROM THIS SETTLEMENT?** |
|---|---|

To exclude yourself from the Settlement and this Lawsuit, you must complete a "Request for Exclusion" in the form of a letter sent by mail to *Chetwood v T-Mobile Settlement Administrator, c/o Rust Consulting, Inc. – 7325, PO Box 54, Minneapolis, MN 55440-0054*, by facsimile to (866) 304-6416, or by e-mail to info@chetwoodvtmobilesettlement.com, stating that you want to be excluded from the lawsuit of Chetwood v. T-Mobile USA, Inc. You must include your name, address, and phone number, and you must sign the letter. Alternatively, you must fully complete, sign, and return the enclosed Request for Exclusion form. In either case, to be timely and valid, your Request for Exclusion must be postmarked on or before [*insert date that is 30 days after emailing of supplemental Notice*August 28, 2021], if sent by mail, or submitted on or before [*insert date that is 30 days after emailing of supplemental Notice*August 28, 2021], if sent by facsimile or email.

| **13.** | **IF I DO NOT OPT OUT, CAN I SUE T-MOBILE FOR THE SAME THING LATER?** |
|---|---|

No. Unless you exclude yourself, you give up the right to sue T-Mobile based on the allegations and claims asserted in this lawsuit. The exclusion deadline is [*insert date that is 30 days after emailing of supplemental Notice*August 28, 2021].

| **14.** | **IF I OPT OUT, CAN I STILL GET MONEY FROM THIS SETTLEMENT?** |
|---|---|

No. If you exclude yourself, you cannot receive a payment under this Settlement.

| **15.** | **CAN ANYONE RETALIATE AGAINST ME FOR JOINING OR EXCLUDING MYSELF FROM THE LAWSUIT AND SETTLEMENT?** |
|---|---|

No. Federal and state laws do not allow retaliation or discrimination against anyone who chooses to stay in or be excluded from a collective or class action.

## THE LAWYERS REPRESENTING YOU

| **16.** | **DO I HAVE A LAWYER IN THIS CASE?** |
|---|---|

The Court has appointed the following attorneys to represent you and other Class Members:

Kevin J. Stoops                          Adam J. Berger
Charles R. Ash, IV                       Schroeter, Goldmark & Bender
Sommers Schwartz, PC                     810 Third Avenue, Suite 500
One Towne Square, Suite 1700             Seattle, Washington 98104
Southfield, Michigan 48076
kstoops@sommerspc.com
crash@sommerspc.com

Together, these attorneys are called Class Counsel. You will not be charged any money for Class Counsel's representation of you. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **17.** | **HOW WILL THE LAWYERS BE PAID?** |
|---|---|

Class Counsel will be paid from the total Settlement Amount. Class Counsel will ask the Court to approve an award of attorneys' fees in the amount of $600,000 (equaling 30% of the Settlement Amount) as compensation for their two (2) to three (3) years of work on this case. Class Counsel will also ask the Court to approve an award of the actual costs they have incurred in litigating this matter as well as individual incentive awards for the nine Class Representatives up to a total of $20,000.00. These amounts will be paid from the Settlement Amount.

## OBJECTING TO THE SETTLEMENT

If you want, you can tell the Court that you do not agree with the Settlement or some part of it.

| 18. | HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT? |
|---|---|

If you are a Class Member, you can object to the Settlement if you do not like any part of it. You can give reasons why the Court should not approve it. The Court will consider your views.

To object, you must send a written statement saying you object to the Settlement in *Chetwood v. T-Mobile,* Case. No. 2:19-cv-00458-RSL, and that includes your name, address, and telephone number; an explanation of the reasons for each objection; and your signature. The statement must be mailed to the following ~~three~~ addresses postmarked by *[insert date that is 30 days after emailing of supplemental Notice* ~~August 28, 2021~~*]*:

| | |
|---|---|
| Clerk of the Court<br>U.S. District Court of the Western<br>District of Washington<br>700 Stewart Street, Suite 2310<br>Seattle, WA 98101 | Kevin J. Stoops<br>Charles R. Ash, IV<br>Sommers Schwartz, PC<br>One Towne Square, Suite 1700<br>Southfield, Michigan 48076 |
| Adam Berger<br>Schroeter, Goldmark & Bender<br>810 Third Avenue, Suite 500<br>Seattle, WA 98104 | Daniel Hurley<br>925 F K&L Gates LLP 2900<br>Fourth Avenue, Suite<br>Seattle, WA 98104 |

| 19. | WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND OPTING OUT? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. In order to object, you must stay in the Class and may not opt-out. Opting out or excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

| 20. | WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? |
|---|---|

The Court will conduct the Final Settlement Approval Hearing at 11:00 a.m. on October 22, 2021, in Courtroom 15106 (unless a different Courtroom is designated by the Court) of the United States Courthouse, 700 Stewart Street, Suite 2310, Seattle, Washington 98101. At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the Settlement.

| 21. | DO I HAVE TO COME TO THE HEARING? |
|---|---|

You are not required or expected to attend the Final Settlement Approval Hearing. However, you are welcome to attend at your own expense. If you plan on attending, please contact Class Counsel so you can be apprised of any restrictions related to COVID-19 that may limit or preclude in-person attendance at the hearing and/or any options that may be in place that might allow you to listen to and/or attend the hearing remotely.

| 22. | MAY I SPEAK AT THE HEARING? |
|---|---|

If you object to the Settlement, you may also ask the Court for permission to speak at the Final Settlement Approval Hearing. To do so, you must send a separate written statement with your objection saying that it is your "Notice of Intention to Appear at the Final Hearing in Chetwood v. T-Mobile." The statement must include your name, address, telephone number, and signature, and must be postmarked no later than *[insert date that is 30 days after emailing of supplemental Notice* ~~August 28, 2021~~*]*. You cannot speak at the hearing if you do not submit a written objection or if you exclude yourself from the Class.

## GETTING MORE INFORMATION

| 23. | ARE THERE MORE DETAILS ABOUT THE SETTLEMENT? |
|---|---|

Yes. This Notice summarizes the most important aspects of the Settlement. You can get a copy of the written Settlement Agreement and obtain further information regarding the Lawsuit and the Settlement by contacting Class Counsel.

| 24. | HOW DO I GET MORE INFORMATION? |
|---|---|

For further information about this Lawsuit, you may contact Class Counsel by mail at the addresses indicated above in Section 18, or by telephone or email. Additionally, you may contact the Settlement Administrator by mail at Chetwood v T-Mobile Settlement Administrator, c/o Rust Consulting, Inc. – 7325, PO Box 54, Minneapolis, MN 55440-0054, by telephone at (866) 665-8445, by facsimile to (866) 304-6416 or by email at info@chetwoodvtmobilesettlement.com. Please do not contact the Judge, the Court, or T-Mobile's managers or Human Resources.

**The Court has taken no position regarding the merits of this Lawsuit, and this Notice is not an expression by the Court of any opinion regarding Plaintiffs' claims or T-Mobile's defenses. Please do not call the Court or the Clerk of the Court. They cannot answer questions regarding this Lawsuit or this Notice.**

# REQUEST FOR EXCLUSION

*Chetwood v. T-Mobile USA, Inc*., Case No. 2:19-CV-00458-RSL

U.S. District Court for the Western District of Washington

*Note: You do not need to do anything to remain a Settlement Class Member and to participate in the proposed Settlement.*

If you want to opt out, provide the following information (*please print legibly)*:

Name:_____

Address:_____

Phone Number:_____

By my signature below, I **REQUEST TO BE EXCLUDED** from the Class lawsuit and Settlement in the case of *Chetwood v. T-Mobile USA, Inc*. I understand that my submission of a timely Request for Exclusion means that I will be excluded from the Class lawsuit and Settlement and **that I will not receive any payment or benefits** under the Settlement in this case.

Signature:_____   Date:_____

In order to **exclude** yourself from the Settlement Class, you must complete and sign this form and mail, fax, or email the completed form as directed below, and the form must be postmarked (if sent by mail) or received (if sent by facsimile or email) no later than *[insert date that is 30 days after emailing of supplemental Notice*~~August 28, 2021~~]:

By mail:

Chetwood v T-Mobile Settlement Administrator
c/o Rust Consulting, Inc. – 7325
PO Box 54
Minneapolis, MN 55440-0054

By facsimile:                    (866) 304-6416

By email:                    info@chetwoodvtmobilesettlement.com